Case No. SACV 09-1511-JST (ANx)            Date: July 5, 2011

Title: Khosrow Abtahi v. Chase Home Finance LLC, etc.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

| Ellen Matheson | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                              Not Present

**PROCEEDINGS:**     **(IN CHAMBERS)**     **ORDER TO SHOW CAUSE**

     This is the second time Defendant has filed a Motion to Dismiss Plaintiff's Third Amended Complaint. On May 31, 2011, the Court found that Defendant's efforts to meet and confer were "not in keeping with either the letter or spirit of Local Rule 7-3" and ordered Defendant's Motion stricken, without prejudice to its renewal within fourteen days, "following Defendant's prompt good-faith efforts to meet and confer with Plaintiff in compliance with Local Rule 7-3." (Doc. 56.) On June 14, 2011, Defendant re-filed a Motion to Dismiss Plaintiff's Third Amended Complaint. (Doc. 57.)

     As previously noted by the Court, under Local Rule 7-3, "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, *preferably in person*, the substance of the contemplated motion and any potential resolution." C.D. Cal. R. 7-3. The purpose of Local Rule 7-3 is to help the parties "reach a resolution which eliminates the necessity for a hearing . . . ." C.D. Cal. R. 7-3. If the parties are unable to resolve their differences and are forced to bring the matter before the court, counsel for the moving party must include in the notice of the motion, a statement to the effect that "[t]his motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date)." *Id.*

     Here, Defendant's Notice of Motion states that "Counsel for Chase 'met and confered' [sic] with Plaintiff on June 1, 2011 via letter sent via first class mail setting forth the grounds for [Defendant's] motion to dismiss. Accordingly, [Defendant] has complied with Local Rule 7-3." (Doc. 57 at 2.) In fact, the mailing of a letter is not a "conference" pursuant to the local rule. Therefore, the Court orders Defendant to show cause in writing, **no later than July 7, 2011**, as to why the Court should not strike the Motion to Dismiss (Doc. 57) for failure to comply with local rule 7-3.

                                                                                   Initials of Preparer: __db_____